UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JANUSZ GOLASIEWSKI,

                Plaintiff,                      MEMORANDUM
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 

   -against-                                             09-CV-5180 (RRM)(SMG)

WASTE MANAGEMENT OF PENNSYLVANIA,
INC. and WB SERVICES, INC.,

                Defendants.
----------------------------------------------------------X
WASTE MANAGEMENT OF PENNSYLVANIA,
INC.,

                Third-Party Plaintiff,

   -against-

WB SERVICES, INC., LU TRANSPORT, INC.,
DELOS INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, NATIONAL UNION
FIRE INSURANCE COMPANY and INVINCIA
CORPORATION D/B/A INVINCIA INSURANCE
SOLUTIONS,

                Third-Party Defendants.
----------------------------------------------------------X
GOLD, S., U.S.M.J.:

## BACKGROUND

     Plaintiff, Janusz Golasiewski, brings this lawsuit against Waste Management of Pennsylvania, Inc. ("Waste Management") in connection with injuries Golasiewski sustained at a solid waste transfer station. Pending before the Court is a motion filed by third-party defendant National Union Fire Insurance Company ("National Union") seeking to dismiss defendant Waste Management's third-party claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

The parties have consented to have me decide this motion pursuant to 28 U.S.C. § 636 and to enter a final dispositive order. Docket Entries 80-81. For the following reasons, National Union's motion is granted.

**FACTS**

Waste Management is a Pennsylvania corporation in the business of providing solid waste transportation services. Waste Management's Third-Party Compl. ("Third-Party Compl.") ¶ 1, Ex. C Whereas Cl. On September 8, 2005 Waste Management entered into a Transportation Service Agreement ("the Service Contract") with WB Services, Inc. ("WB"), another Pennsylvania corporation. Third Party Compl. ¶¶ 2, 20, Ex. C. Under the Service Contract, WB agreed to transport waste from the Forge Transfer Station, a waste transfer station located in Philadelphia, Pennsylvania that Waste Management operates. Third-Party Compl. ¶ 20, Ex. C §§ 1(D), 2(A). The Service Contract requires WB to indemnify Waste Management against any damages arising from any personal injury suffered at the Forge Transfer Station, including injuries suffered by employees of WB. Third-Party Compl. ¶ 27, Ex C. § 16(B).

In addition, the Service Contract obligates WB to obtain certain insurance coverage, including workers compensation, employer's liability, and general liability, and to name Waste Management as an additional insured under its coverage. Third-Party Compl. ¶ 26, Ex. C § 15. To evidence compliance, WB is required to deliver a certificate of insurance naming Waste Management as an additional insured before performing its waste transportation duties. *Id.* The Service Contract permits WB to hire subcontractors and obligates WB's subcontractors to comply with the terms and conditions of the Service Contract, including its insurance and indemnification provisions. Third-Party Compl. ¶ 30, Ex. C §§ 15-16, 20. WB subcontracted its

waste transportation responsibilities to LU Transport, Inc., ("LU") an Illinois corporation. Third-Party Compl. ¶¶ 5, 31.

Both WB and LU retained Invincia Corporation ("Invincia") to obtain the insurance coverage required under the Service Contract. Third-Party Compl. ¶¶ 26, 31. Invincia procured workers compensation and employer's liability coverage from the National Union Fire Insurance Company ("National Union"), general liability coverage from Delos Insurance Company ("Delos"), and excess umbrella coverage from the Lexington Insurance Company ("Lexington"). Third-Party Compl. ¶¶ 28, 85, 94, 103. On June 12, 2008 Invincia produced certificates of insurance with respect to both WB's and LU's policies. Third-Party Compl. Ex D. The certificates indicate that the insurance coverage is effective from June 16, 2008 through June 16, 2009. *Id.* Both certificates list "Waste Management" as an additional insured for Auto Liability and General Liability. In addition, the certificates of insurance recite the following in capital lettering:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

*Id.* On the reverse side, both certificates of insurance state, "If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s)." *Id.*

On December 5, 2008, Golasiewski sustained injuries at the Forge Transfer Station operated by Waste Management. Third-Party Compl. ¶ 12. On October 26, 2009, Golasiewski filed suit in the Supreme Court of New York, Kings County alleging that Waste Management's

3

negligent supervision over the Forge Transfer Station caused his injuries. Third-Party Compl. ¶ 12, Ex. A. Waste Management then removed this case to federal court. Docket Entry 4.

On July 8, 2010, Waste Management filed a third-party complaint asserting claims against WB, LU, Invincia, National Union, Delos and Lexington. Docket Entry 22. Waste Management's third-party complaint alleges that LU and WB are related entities and that Golasiewski was acting within the scope of his employment at the time he was injured. Third-Party Compl. ¶¶ 16-19, 23-24. With respect to National Union, Waste Management seeks a declaratory judgment that National Union is obligated to defend and indemnify Waste Management as an additional insured under either or both of WB's and LU's policies. Third-Party Compl. ¶¶ 104, 107, 110.

## DISCUSSION

*1. Legal Standard*

To survive a Rule 12 motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and the court need not accept a "legal conclusion couched as a factual allegation." *Id.* at 1949-50 (internal quotations omitted).

In determining the adequacy of the complaint, the court may consider, not only the facts it alleges, but also any documents or written instruments attached or incorporated in the complaint by reference. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). In addition, the court may consider "documents upon which the complaint relies and which are integral to the complaint," so long as there is no dispute about the authenticity or accuracy of the

documents. *Subaru Distribs. Corp v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005); *accord DiFolco*, 622 F.3d at 111. Where the complaint relies on a contract, a court need not accept the plaintiff's allegations of the complaint with respect to the construction of its terms, but must resolve all ambiguities regarding its construction in favor of the plaintiff. *Subaru*, 425 F.3d at 122; *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

Here, Waste Management's third-party complaint attaches the Service Contract and the certificates of insurance as exhibits and they are therefore deemed part of the complaint. In addition, Waste Management's complaint relies heavily on the terms and provisions of the insurance policies that National Union provided to WB and LU. National Union submitted both policies in connection with its motion to dismiss. At oral argument, neither party disputed the accuracy or authenticity of these documents. Accordingly, I consider the policy terms in assessing National Union's motion to dismiss. *See Svensson v. Securain Life Ins. Co.*, 706 F. Supp. 2d 521, 525 (S.D.N.Y. 2010) (noting that "although Plaintiff did not attach the Policy, the Court properly may consider it without converting Defendant's motion to one for summary judgment, as the Complaint explicitly refers to, and relies on, the Policy.")

*2. The Scope of National Union's Insurance Coverage*

Waste Management argues that dismissal of its claims against National Union would be premature because it should be entitled to investigate whether it is an additional insured under either or both of WB's or LU's insurance policies with National Union, and whether Golasiewski was employed by WB by operation of law. For the following reasons, neither argument has merit.

Because an analysis of Waste Management's claims requires the Court to interpret the insurance contracts between WB and National Union and LU and National Union, it is first necessary to determine which jurisdiction's law to apply. "A federal court sitting in diversity must apply the choice of law rules of the forum state, in this case New York." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538 (2d Cir. 1997). In contract cases, including those involving insurance policies, New York employs the "center of gravity" or "grouping of contacts test." *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 226 (N.Y. 1993). "The purpose of grouping contacts is to establish which State has the most significant relationship to the transaction and the parties." *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309, 317 (N.Y. 1994). (quoting Restatement Second of Conflicts of Law § 188(1)). The contacts considered include the place of contracting, negotiation and performance, the location of the subject matter of the contract, and the domicile of the contracting parties. *Allstate Ins.*, 81 N.Y.2d at 227. In addition, where the contract at issue is an insurance contract, New York courts place special emphasis on "the state which the parties understood to be the principal location of the insured risk." *Certain Underwriters at Lloyd's London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 21-22 (1st Dep't 2006) (internal quotations omitted). Where the insurance policy covers risks in multiple states, the state of the insured's principal place of business is regarded as the principal location of the risk. *Id.* at 24.

National Union argues that Pennsylvania rather than New York law should apply. Both WB's and LU's insurance policies with National Union cover risks in multiple states. *See* Mathews Aff. Ex. K at 29-32; Ex. L at 15-16.[1] While Waste Management's complaint states that WB is a Pennsylvania corporation and that LU is licensed to do business in Pennsylvania, it does

---

[1] The page numbers cited in the text refer to page numbers assigned to the docket entries by the Court's electronic filing system.

not indicate whether Pennsylvania is WB's or LU's principle place of business. Third-Party Compl. ¶¶ 2-6. Nor does Waste Management's complaint indicate the place of negotiation or contracting for the National Union policies. Accordingly, it would be premature to conduct a choice of law analysis at this stage in the litigation.

A court, however, need not conduct a choice of law analysis where there is no material difference between the laws that potentially apply. *Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005); *Excess Ins. Co. v. Factory Mut. Ins. Co.*, 2 A.D.3d 150, 151 (1st Dep't 2003). Thus, "where the court has determined that the result would be the same under either jurisdiction's law, it need not decide which to apply." *Finance One*, 414 F.3d at 331 (emphasis removed); *see also Allstate Ins.*, 81 N.Y.2d at 225. Here, while the law of multiple states is potentially applicable, neither party has argued for the application of any law other than that of New York and Pennsylvania. Further, at oral argument, both parties agreed that no other jurisdiction's law should apply. Since there is no material difference between New York and Pennsylvania law with respect to this dispute, the controversy may be resolved without engaging in a choice of law analysis.

An insurance policy is a contract between the insured and the insurer and, under both New York and Pennsylvania law, a court must interpret it so as to give effect to the intent of the parties as expressed by the policy language. *Jacobs Constructors, Inc. v. NPS Energy Servs., Inc.*, 264 F.3d 365, 375 (3d Cir. 2001) (applying Pennsylvania law); *Morgan Stanley Grp., Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (applying New York law). The obligations of an insurer are governed exclusively by the contract and will not extend beyond the language of the policy. *Transport Indem. Co. v. Home Indem. Co.*, 535 F.2d 232, 235 (3d Cir. 1976) (applying Pennsylvania law); *Moleon v. Kreisler Borg Florman Gen. Constr. Co.*, 304

A.D.2d 337, 339 (1st Dep't 2003); *McKenzie v. N.J. Transit Rail Operations, Inc.*, 772 F. Supp. 146, 149 (S.D.N.Y. 1991) (applying New York law). While ambiguity is resolved in favor of the insured, where the provisions of a contract are clear they must be applied in a manner that effectuates their plain meaning. *Jacobs Constructors*, 264 F.3d at 376; *Gen. Refactories Co. v. Ins. Co. of N. Am.*, 906 A.2d 610, 612-13 (Pa. 2006); *Gov't Emp. Ins. Co. v. Kliger*, 42 N.Y.2d 863, 864 (N.Y. 1977).

Waste Management argues that it is covered as an additional insured under either or both of WB's and LU's policies with National Union. Both the WB and LU policies contain an identical "GENERAL SECTION" which states as follows:

> A. The Policy
> This policy includes at its effective date the Information Page and all endorsements and schedules listed there. . . . The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of the policy.
>
> B. Who is Insured
> You are insured if you are an employer named in Item 1 of the Information Page.

Mathews Aff. Ex. K at 22; Ex. L at 8. Item 1 of the information page for LU's policy lists LU as the insured entity.[2] Mathews Aff. Ex. K at 15, 71. Item 1 of the information page for WB's policy lists only WB as the insured entity. Mathews Aff. Ex. L at 3, 40. Neither policy lists Waste Management as an insured or an additional insured covered under the policy. Thus, the clear and unambiguous language provides that Waste Management is not covered under either of the policies issued by National Union. *See*

---

[2] LU's policy also lists a company named Triple A Truck and Trailer Repair Service, Inc. Neither party has argued that this entity is relevant to the current dispute. Mathews Aff. Ex. K at 71.

*Moleon*, 304 A.D.2d at 339 ("A party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage.").

Nor does the fact that Waste Management is listed as an additional insured on the certificates of insurance alter this conclusion. "[T]he intent to incorporate additional documents into an insurance policy must be plainly manifest." *Taylor v. Kinsella*, 742 F.2d 709, 711-12 (2d Cir. 1984) (applying New York law); *see Young v. U.S. Fid. & Guar. Co.*, 445 A.2d 542, 543 (Pa. 1982) (noting that "an endorsement will be considered part of the insurance contract if it appears that the parties intended that it should be so considered") (internal quotations omitted). Here, the policies clearly state that they may be amended only through an endorsement issued by the insurance company. Moreover, the certificates, which were issued by Invincia, the insurance broker, state that they do not amend, extend, or alter the coverage that is provided. Courts in both New York and Pennsylvania, when confronted with certificates of insurance that include similar disclaimers, have concluded that the certificates do not extend coverage beyond that which is provided for in the policy. *See Taylor*, 742 F.2d 711 (holding that "where a certificate of endorsement states expressly that it is subject to the terms and conditions of the policy, the language of the policy controls"); *Moleon*, 304 A.D.2d at 339 (holding that a certificate like the one at issue here, naming an additional insured but also stating that it confers no rights nor amends coverage, "is insufficient to establish that [a party] is an additional insured under a policy, especially where . . . the policy itself makes no provision for coverage"); *Bedwell Co. v. D. Allen Bros., Inc.*, 2006 WL 3692592, at *4 (Pa. C.P. Dec. 6, 2006) (where a certificate of insurance disclaims its ability to alter coverage "the language of the underlying policy . . . governs [a party's] status as an

9

additional insured"). Accordingly, Waste Management cannot establish that it is an additional insured under either WB's or LU's insurance policies with National Union.

### 3. *Golasiewski's alleged status as WB's employee*

Finally, Waste Management argues that it should be afforded the opportunity to take discovery on its theory that Golasiewski is WB's employee by operation of law. Since Waste Management is not covered under WB's insurance, however, Golasiewski's alleged status as WB's employee is simply not relevant to this dispute. It may be that, if Golasiewski is found to be WB's employee, National Union has a duty to indemnify WB. Mathews Aff. Ex. L at 9 (WB's employer liability insurance is triggered where bodily injury "arise[s] out of and in the course of the injured employee's employment by you"). It also may be that WB has a duty to indemnify Waste Management pursuant to the Service Contract. Third-Party Compl. Ex. C § 16. However, the liabilities of insurers are "governed solely by the contracts they enter into with their insureds." *Springfield v. Ersek*, 660 A.2d 672, 675 (Pa. Commw. Ct. 1995); *see Taylor*, 742 F.2d at 711-12. Accordingly, Golasiewski's employment status, whatever it may be, does not alter National Union's obligations to Waste Management and no additional discovery on this point is warranted.

## CONCLUSION

For all these reasons, I find that Waste Management's third-party complaint against National Union fails to state any claims upon which relief may be granted. National Union's

motion to dismiss is therefore granted and Waste Management's claims against National Union are dismissed.

SO ORDERED.

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
May 27, 2011

*U:\BW 2010\Waste Management\Waste Management - Motion to Dismiss - Final.doc*